UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELODIA REYNOSO, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>THE UNITED STATES OF AMERICA, and DOES 1 – 10, inclusive, et al.,<br><br>Defendants. | Case No.: 21cv2009-AJB (KSC)<br><br>**STIPULATED PROTECTIVE ORDER** |

This case arises out of an incident between U.S. Customs and Border Protection and Plaintiff at the San Ysidro Port of Entry. Plaintiff seeks to recover for personal injuries allegedly sustained during the incident. Documents potentially relevant to this action include internal law enforcement reports as well as U.S. Border Patrol training manuals, memoranda and personnel information. Some of those documents may reference criminal investigatory techniques and methods which, if disclosed outside the context of this suit, could impair law enforcement activities. Other documents to be produced in this action contain Plaintiff's sensitive private information, including personnel and medical information. Also subject to production is third-party information that may be protected under the Privacy Act, 5 U.S.C. § 552a.

///

In order to permit Plaintiff and Defendant to review these materials, and to protect against unnecessary dissemination, the Court enters this Protective Order pursuant to the parties' Joint Motion for Protective Order (ECF No. 13).

## DEFINITIONS

1. The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories and requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any party to which it belongs.

2. The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models, prototypes, and other physical objects.

3. The term "counsel" will mean counsel of record, and other attorneys, paralegals, secretaries and other support staff employed in Iredale & Yoo, APC, the United States Attorney's Office for the Southern District of California, and the United States Department of Justice. "Counsel" also includes attorneys employed by U.S. Customs and Border Protection.

## GENERAL RULES

4. Each party to this litigation that produces or discloses any materials, answers to interrogatories and requests for admission, trial testimony, deposition testimony, and

transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Order may designate the same as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY."

    a.    Designation as "CONFIDENTIAL": A party or non-party subject to this Order may only designate documents or other information in this action as "CONFIDENTIAL" if the designating party or non-party has an articulable, good faith basis to believe that each document or other information designated as confidential qualifies for protection under Federal Rule of Civil Procedure 26(c).

    b.    Designation as "CONFIDENTIAL – FOR COUNSEL ONLY": Any party may designate information as "CONFIDENTIAL – FOR COUNSEL ONLY" only if, in the good faith belief of such party and its counsel, the information is among that considered to be most sensitive by the party, including but not limited to privileged and confidential information.

5.    In the event the producing party elects to produce materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL – FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified materials for copying by the inspecting party, the producing party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.    Exercise of Restraint and Care in Designating Material for Protection.

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

1  Mass, indiscriminate, or routinized designations are prohibited. Designations that
2  are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,
3  to unnecessarily encumber or retard the case development process or to impose
4  unnecessary expenses and burdens on other parties) expose the designating party to
5  sanctions.

6  If it comes to a designating party's attention that information or items that it
7  designated for protection do not qualify for protection, that designating party must
8  promptly notify all other parties that it is withdrawing the mistaken designation.

9      7.    Whenever a deposition taken on behalf of any party involves a disclosure of
10  confidential information of any party:

11      a.    the deposition or portions of the deposition must be designated as
12  containing confidential information subject to the provisions of this Order; such
13  designation must be made on the record whenever possible, but a party may
14  designate portions of depositions as containing confidential information after
15  transcription of the proceedings; a party will have until 14 calendar days after receipt
16  of the deposition transcript to inform the other party or parties to the action of the
17  portions of the transcript to be designated "CONFIDENTIAL" or
18  "CONFIDENTIAL – FOR COUNSEL ONLY."

19      b.    the disclosing party will have the right to exclude from attendance at
20  the deposition, during such time as the confidential information is to be disclosed,
21  any person other than a party, deponent, counsel (including their staff and
22  associates), the court reporter and videographer; and

23      c.    the originals of the deposition transcripts and all copies of the
24  deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL – FOR
25  COUNSEL ONLY," as appropriate, and the original or any copy ultimately
26  presented to a court for filing must not be filed unless it can be accomplished under
27  seal, identified as being subject to this Order, and protected from being opened
28  except by order of the Court.

8. All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the parties or by order of the Court.

9. Information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be viewed only by counsel (including their staff and associates as defined in Paragraph 3) of the receiving party, and by independent experts under the conditions set forth in this Protective Order.

10. Information designated "confidential" must be viewed only by counsel (including their staff and associates as defined in Paragraph 3) of the receiving party, by independent experts, by court personnel, and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has executed a copy of the form attached hereto as Exhibit A:

    a. Government Officials who are required to participate in policy decisions with reference to this action;

    b. Technical personnel of the parties with whom counsel for the parties find it necessary to consult in preparation for trial of this action, including investigators and paralegals; and

    c. Stenographic and clerical employees associated with the individuals identified above.

11. With respect to material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY," any person indicated on the face of the document to be its originator, author, or a recipient of a copy of the document, may be shown the same.

12. All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by the producing or disclosing party, and

any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

13. Before any materials produced in discovery, answers to interrogatories or requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

14. Nothing shall be filed under seal, and the Court shall not be required to take any action, without separate prior order by the Judge before whom the hearing or proceeding will take place, after application by the affected party with appropriate notice to opposing counsel. The parties shall follow and abide by applicable law, including Civ. L.R. 79.2, ECF Administrative Policies and Procedures, Section II.j, and the chambers rules, with respect to filing documents under seal.

15. At any stage of these proceedings, any party may object to a designation of materials as confidential information. The party objecting to confidentiality must notify, in writing, counsel for the designating party of the objected-to materials and the grounds for the objection. If the dispute is not resolved consensually between the parties after meeting and conferring within 14 calendar days of receipt of such a notice of objections, the parties may jointly request the Court's assistance with the dispute, in accordance with Judge Crawford's Civil Chambers Rules. The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objection or the matter has been otherwise resolved.

16. All confidential information must be held in confidence by those inspecting or receiving it and must be used only for purposes of this action. Counsel for each party, and each person receiving confidential information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the

party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

17. No party will be responsible to another party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18. If a party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order. The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party. If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure.

19. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

21. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23. Upon final termination of this action, including any and all appeals, counsel for each party must, upon request of the producing party, return all confidential information to the party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24. Absent an *ex parte* motion made within 10 calendar days of the termination of the case, the parties understand that the Court will destroy any confidential documents in its possession

25. The restrictions and obligations set forth within this Order will not apply to any information that:

    a. the parties agree should not be designated confidential information;

    b. the parties agree, or the Court rules, is already public knowledge;

    c. the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order; or

    d. has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

///

26. The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

27. Transmission by e-mail or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

28. This Order may be modified by agreement of the parties, subject to approval by the Court.

29. The Court may modify the protective order in the interests of justice or for public policy reasons.

**IT IS SO ORDERED.**

Dated: June 30, 2022

Hon. Karen S. Crawford
United States Magistrate Judge

# **EXHIBIT A**

## **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, _____ (name), of _____ (address), declare under penalty of perjury that I have read in its entirety and understand the Protective Order ("Order") that was issued by the United States District Court for the Southern District of California in the case of <u>Elodia Reynoso v. United States</u>, Case No, 21cv2009-JLS (KSC).  I agree to comply with and be bound by all the terms of the Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I also agree that I will not disclose in any manner any information or item that is subject to the Order to any person or entity, except in strict compliance with the provisions of the Order.

I further agree to submit to the jurisdiction of the United States District Court for the Southern District of California for the purpose of enforcing the terms of the Order, even if such enforcement proceedings occur after termination of this action.

DATED: _____                _____

                                                             Name: _____

                                                             Title: _____